1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD WASHINGTON, JR.,

11            Petitioner,                No. CIV S-10-1843 JAM EFB P

12        vs.

13   TIM VIRGA,[1]

14            Respondent.               FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner without counsel on a petition for a writ of habeas corpus.

17   *See* 28 U.S.C. § 2254.  Respondent moves to dismiss the petition on the ground that it was filed

18   beyond the applicable one-year statute of limitations.  In response to the motion, petitioner has

19   filed seven handwritten documents.  Respondent filed a reply brief, to which petitioner then filed

20   a surreply.[2]  As discussed below, the court finds that petitioner's application for a writ of habeas

21

22        [1] Pursuant to Fed. R. Civ. P. 25(d) and Rule 2(a), Rules Governing § 2254 Proceedings,
     Tim Virga, the Warden of the facility where petitioner currently is located, is substituted as the
23   respondent.

24        [2] Petitioner's numerous filings are not authorized by the Federal Rules of Civil Procedure
     or the Local Rules.  *See* E.D. Cal. L.R. 230(l) (providing for a motion, an opposition and a
25   reply).  However, in the interests of efficiency, rather than directing petitioner to rewrite and
     refile a single opposition brief, and to the extent multiple documents are legible, the court has
26   taken into consideration all eight of petitioner's filings.

                                        1

1  corpus is untimely, and therefore recommends that respondent's motion to dismiss be granted.

2       In June 1986, petitioner was sentenced to a determinate state prison term of two years,

3  following his conviction of battery by a prisoner on a non-prisoner.[3]  Dckt. No. 1 at 1[4]; Resp.'s

4  Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 1.  On July 9, 1987, the California

5  Court of Appeal, Third Appellate District, affirmed the judgment.  Lodg. Doc. 1.  Petitioner did

6  not seek review in the California Supreme Court.  Resp.'s Mot. to Dism., Mem. of P. & A. in

7  Supp. Thereof ("Mot.") at 2.

8       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all

9  petitions for writ of habeas corpus filed after its enactment.  *See Lindh v. Murphy*, 521 U.S. 320,

10  336 (1997); *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003).  It imposes a one-year

11  limitations period for seeking federal habeas relief, beginning from the latest of (1) the date the

12  judgment became final on direct review, (2) the date on which a state-created impediment to

13  filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively

14  applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim

15  could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  In

16  certain circumstances, the limitations period may be tolled.  Petitioner bears the burden of

17  showing he is entitled to tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (statutory

18  tolling); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (equitable tolling).

19       In this case, the applicable date for commencing the limitations period is the date that

20  petitioner's conviction became final on direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).  On July

21  9, 1987, the state appellate court affirmed the 1986 judgment of conviction, Lodg. Doc. 1, and

---

[3] Petitioner challenges the custody imposed as a result of the 1986 judgment.  Respondent does not dispute that petitioner is "in custody" within the meaning of 28 U.S.C. § 2254(a).  *See* Resp.'s Reply ("Reply") at 1, n1 (reasoning that the custody requirement is satisfied because petitioner's two year sentence was ordered to be served consecutive to a life term petitioner is currently serving) (citing *Garlott v. Fordice*, 515 U.S. 39, 46 (1995)).

[4] The page numbers cited herein are those assigned by the court's electronic docketing system and not those assigned by petitioner.

2

1    petitioner did not seek review in the California Supreme Court.  The judgment therefore became

2    final well before April 24, 1996, the effective date of AEDPA.  *See* Mot. at 4.  In these

3    circumstances, inmates had a one-year grace period to file their petitions.  *Patterson v. Stewart*,

4    251 F.3d 1243, 1245 (9th Cir. 2001).  The grace period expired on April 24, 1997.  *See id.* at

5    1247.  Absent tolling, petitioner's July 1, 2010 application for a writ of habeas corpus was filed

6    over thirteen years late.[5]  *See* Dckt. No. 1.

7        Respondent contends that petitioner is not entitled to tolling under § 2244(d)(2) because

8    petitioner did not file any state post-conviction collateral actions with respect to the 1986

9    judgment during the one-year limitations period.  Mot. at 5.  The proper filing of a state post-

10   conviction collateral attack on the pertinent judgment tolls the one-year limitation period.  28

11   U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  If the limitations

12   period has run, however, it cannot be revived by a collateral action.  *Jiminez v. Rice*, 276 F.3d

13   478, 482 (9th Cir. 2001).

14       Petitioner filed eight petitions for post-conviction relief in the state courts.  Lodg. Docs. 2

15   (filed in Sacramento County Superior Court, dated June 2, 2008), 4 (filed in California Court of

16   Appeal, Third Appellate District, dated September 8, 2008), 6 (filed in California Supreme

17   Court, dated March 8, 2009), 9 (filed in Sacramento County Superior Court, dated March 8,

18   2009), 11 (filed in California Court of Appeal, Third Appellate District, dated May 26, 2009), 13

19   (filed in California Supreme Court, dated June 11, 2009), 16 (filed in California Supreme Court,

20   dated August 5, 2009), 18 (filed in California Supreme Court, dated October 15, 2009).  The

21   earliest of these petitions was filed on June 2, 2008.  Lodg Doc. 2. Because petitioner waited

22   over ten years after the federal statute of limitations period expired before filing his first state

23

24       [5] The court deems the filing date for each of petitioner's habeas petitions to be the date
     reflected on the certificate of service for the respective petitions.  *See Houston v. Lack*, 487 U.S.
25   266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to
     prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002)
26   (applying mailbox rule to petitions filed in state court).

1    habeas petition, he is not entitled to statutory tolling.  *See Jiminez*, 276 F.3d at 482.

2          Petitioner filed seven handwritten documents in response to respondent's motion to

3    dismiss.  *See* Dckt. Nos. 17, 18, 19, 20, 21, 24, 25.  Respondent addressed each of those

4    responses in his reply brief, arguing that petitioner has not squarely addressed the issues raised

5    by respondent in the motion to dismiss.  Reply at 2-5.  The court agrees.  Petitioner's filings,

6    while lengthy and brimming with legal citations, have little to no relevance to the issue of

7    timeliness under AEDPA.

8          In several of the filings, however, petitioner references equitable tolling in the context of

9    his alleged mental illness and incompetence.  *See* Dckt. No. 17 at 1-2 (mentioning "tolling for

10   mental illness"); Dckt. No. 18 at 10-11 ("due to my mental illness the petitioner sought legal

11   assistance from his fellow prisoners, who helped and assisted [me] in preparation of these legal

12   documents to the court"); Dckt. No. 20 at 5-33 (including documentation showing petitioner

13   suffered from "Schizoaffective disorder, bipolar type,"rendering him a danger to others, and was

14   involuntarily administered psychotropic medication from December 15, 2005 though April 23,

15   2009); Dckt. No. 21 at 8-25 (same), 26-42 (documentation showing court authorized further

16   administration of involuntary medication to petitioner from March 24, 2010 through September

17   20, 2010, and that petitioner had been subject to similar court orders as early as March 6, 1995,

18   and from January 12, 1996 though 2000, and again in 2004), 34 (declaration of psychiatrist

19   stating that "by the mid-1990s [petitioner] was seen as being severely mentally ill"), 69

20   (discussing equitable tolling).  The court liberally construes these references and exhibits as an

21   argument that the limitations period should be equitably tolled due to petitioner's mental

22   impairment.

23         A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing

24   his rights diligently, and (2) that some extraordinary circumstance stood in his way and

25   prevented timely filing.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Mental impairment

26   can constitute an extraordinary circumstance.  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir.

4

2010).  To demonstrate mental impairment was an extraordinary circumstance, the petitioner must show that he "was unable rationally or factually to personally understand the need to timely file," or his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing."  *Id.* at 1099-1100.  To demonstrate diligence, the petitioner must show that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.  *Id.* (explaining that tolling may be justified where mental impairment "interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure.").

Respondent argues that even given a liberal construction of petitioner's filings, petitioner fails to demonstrate he suffered from an extraordinary mental impairment during all the years he did nothing to challenge his 1986 conviction.  Reply at 4.  Respondent contends further that petitioner has not established that a mental impairment made it "impossible" for him to meet his filing deadline for all the years his case languished.  *Id.* (citing *Bills*, 628 F.3d 1092).

The relevant time frame for the purpose of equitable tolling is from April 24, 1996 to July 1, 2010.  Petitioner has submitted evidence he suffered from a mental impairment during most of this time.  But petitioner does not argue that he was unable to understand the need to timely file or that he was unable to prepare a petition and effectuate its filing.  Moreover, petitioner's litigation history would refute any such contention.  Between April 24, 1996 and June 20, 1997 alone, petitioner initiated no fewer than six actions in the United States District Court for the Northern District of California.[6]  *See Washington v. Gomez*, Case No. 3:96-cv-2233-CAL (civil rights complaint filed June 19, 1996); *Washington v. Gomez*, Case No. 3:96-cv-2629-CAL (civil rights complaint filed July 24, 1996); *Washington v. Lungren*, Case No. 3:96-cv-2959-CAL (civil rights complaint filed August 19, 1996); *Washington v. Lungren*, Case No. 3:96-cv-4355-

---

[6] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1   CAL (civil rights complaint filed December 3, 1996); *Washington v. Cambra*, Case No. 3:96-cv-

2   4597-CAL (habeas petition filed December 23, 1996); *Washington v. Cambra*, Case No. 3:97-

3   cv-2316-VRB (habeas petition filed June 20, 1997, denied on its merits on April 17, 2001).  Of

4   particular relevance is *Washington v. Cambra*, Case No. 3:97-cv-2316-VRB ("*Cambra*"), in

5   which petitioner challenged a 1994 conviction of battery on a correctional officer, resisting

6   arrest, and assault by force likely to produce great bodily injury.  *See Washington v. Cambra*,

7   208 F.3d. 832, 833 (9th Cir. 2000).  The district court initially dismissed the petition on

8   procedural grounds, but following petitioner's timely filed notice of appeal and order of remand

9   from the Ninth Circuit Court of Appeals, the district court denied the petition on its merits.

10   *Cambra*, Dckt. No. 8 (petitioner's March 23, 1998 timely filed notice of appeal), Dckt. No. 23

11   (petitioner's January 5, 2001 timely filed traverse following remand from the Ninth Circuit Court

12   of Appeals); Dckt. No. 24 (April 17, 2001 order denying petition on the merits).  The record in

13   *Cambra* manifests that petitioner both understood the need to timely file a habeas petition and

14   was able to effectuate its filing.

15          Petitioner previously sought equitable tolling to render timely an earlier filed petition

16   that, like the petition here, was due on April 24, 1997.  *See Washington v. Virga*, 2011 U.S. Dist.

17   LEXIS 11620, at *10, 11-17 (C.D. Cal. Jan. 3, 2011 ), *adopted in full by* 2011 U.S. Dist. LEXIS

18   11623 (C.D. Cal. Jan. 30, 2011).  In that action, the United States District Court for the Central

19   District of California found that petitioner's mental condition did not justify equitable tolling.

20   *Id.*  The court concluded there was "no evidence that petitioner suffered from a mental

21   impairment while the statute of limitations was running or that if he did, such mental impairment

22   was so severe that petitioner was either unable rationally or factually to personally understand

23   the need to timely file a federal petition, or that such mental state rendered him unable personally

24   to prepare a habeas petition and effectuate its filing, i.e., that it caused his untimeliness."  *Id.*

25          In this case, petitioner submits evidence that he suffered from a mental impairment while

26   the statute of limitations was running, but he neither argues nor submits evidence that the mental

impairment was so severe that he could not understand the need to timely file a habeas petition or effectuate its filing.  Moreover, the record in this action and from other courts undercuts any claim that petitioner's mental state was so impaired that he could not timely pursue his legal remedies, or secure access to such assistance.  Petitioner's mental impairment, alone, is not itself an extraordinary circumstance and does not automatically excuse petitioner from pursing his rights diligently.  *See Bills*, 628 F.3d at 1100 (petitioner "always remains accountable for diligence in pursuing his or her rights").  Thus, the court finds petitioner is not entitled to equitable tolling and no further development of the record is necessary.  *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) ("Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence.").

Accordingly, it is hereby RECOMMENDED that

1. Respondent's October 12, 2010 motion to dismiss this action be granted; and

2.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

////

////

7

1  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

2  enters a final order adverse to the applicant).

3  Dated:   August 30, 2011.

4

5  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26